re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws."). Likewise, this Court has "exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of [its] case, and of property of the estate," 28 U.S.C. § 1334(e), and causes of action generally constitute property of a debtor's estate. See, e.g., Citicorp Acceptance Co. v. Robison (In re Sweetwater), 884 F.2d 1323, 1326 (10th Cir. 1989).

K.  Approval Of Form Of Tolling Agreements

40.  The two-year deadline imposed by section 546(a) can be waived or extended by agreement of the non-debtor party to the action. See In re Rodriguez, 283 B.R. 112, 114 (Bankr. E.D.N.Y. 2001); Pugh v. Brook (In re Pugh), 158 F.3d 530, 532-38 (11th Cir. 1998); McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330, 1337-38 (5th Cir. 1995); Brandt v. Gelardi (In re Shape, Inc.), 138 B.R. 334, 337 (Bankr. D. Me. 1992) (plain reading of statute and legislative history support determination that section 546(a) is statute of limitations, waivable either by stipulation or failure to assert it as defense in answer, rather than jurisdictional provision, which is not subject to expansion by court order or otherwise); In re Iron-Oak Supply Corp., 162 B.R. 301, 307 (Bankr. E.D. Cal. 1993) (rejecting argument that section 546(a)(1) is statute of repose); In re M & L Bus. Machs. Inc., 153 B.R. 308, 311 (D. Colo. 1993) aff'd, 160 B.R. 850 (D. Colo. 1993) (section 546 limitations period is not jurisdictional but is waivable and subject to equitable tolling); see also Cepa Consulting Ltd. v. New York Nat'l Bank (In re Wedtech), 187 B.R. 105, 110-11 (S.D.N.Y. 1995) (treating section 546(a) as a non-jurisdictional statute of

limitation that must be raised by opposing party in a timely fashion). But see Martin v. First Nat'l Bank of Louisville (In re Butcher), 829 F.2d 596, 599-600 (6th Cir. 1987) (characterizing section 546(a) as "jurisdictional" or "substantive" statute of limitations, not subject to expansion by Bankruptcy Rule 9006(a) requiring that Saturday and Sunday be excluded in computing two-year limitations period). The Debtors should therefore be authorized to enter into stipulations tolling all applicable statutes of limitations.

L.  Approval Of Avoidance Evaluation Procedures And Authority To Abandon Certain Causes Of Action

41. The Bankruptcy Code expressly authorizes a debtor to abandon property of the estate that it determines is burdensome or of inconsequential value. 11 U.S.C. § 554. Specifically, section 554 of the Bankruptcy Code provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In determining the value and benefits of particular property for purposes of the decision to abandon the property, the debtor is afforded significant discretion. See, e.g., In re Interpictures, Inc., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("courts have placed the burden of proving an abuse of discretion of the trustee's action or inaction on abandonment on the party seeking to make the trustee act"); In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion."); In re Cult Awareness Network, Inc., 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997) (decision to abandon property "must rest on a reasonable basis"). This Court need

only ensure that the decision to abandon "reflects a business judgment made in good faith." Cult Awareness Network, 205 B.R. at 579.[14]

42. Notwithstanding abandonment, the failure to file a complaint by the two-year deadline set forth in section 546(a) of the Bankruptcy Code does not prevent the Debtors from later using section 502(d) defensively. Section 502(d) provides, in pertinent part, as follows:

> the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

43. Courts applying section 502(d) of the Bankruptcy Code have barred any and all claims asserted by creditors who are in receipt of avoidable transfers, unless the creditor first repays the amount of the avoidable transfer to the debtor's estate. See, e.g., Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 72 n.8 (2d Cir. 2002); Germain v. Conn. Nat'l Bank, 988 F.2d 1323, 1327 (2d Cir. 1993); In re Centennial Textiles, Inc., 209 B.R. 31, 33 (Bankr. S.D.N.Y. 1997). Further, this Court, as well as other courts in the Southern District of New York and elsewhere, has specifically held that the section 502(d) defense may be asserted after the expiration of the two-year statute of limitations set forth in section 546(a)(1) of the Bankruptcy Code. See In re Metiom, Inc.,

---

[14] Similar relief was granted in In re Safety-Kleen Corp., No. 00-2303 (PJW) (Bankr. D. Del. May 17, 2002. See Order (I) Establishing Omnibus Filing And Pretrial Procedures For Certain Adversary Proceedings, Including Adversary Proceedings Under 11 U.S.C. § 544, 545, 547, 548 Or 550, And (II) Granting Authority To Abandon Certain Causes Of Action,) (Docket No. 4108).

301 B.R. 634, 641 (Bankr. S.D.N.Y. 2003) (Drain, J.); see also United States Lines, Inc. v. U.S. (In re McLean Indus.), 196 B.R. 670, 675-77 (S.D.N.Y. 1996) (Cote, J.); In re Asia Global Crossing, Ltd., 344 B.R. 247, 251 (Bankr. S.D.N.Y. 2006) (Bernstein, J.); In re Mid Atl. Fund, Inc., 60 B.R. 604, 609-11 (Bankr. S.D.N.Y. 1986) (Abram, J.); El Paso City v. Am. W. Airlines, Inc. (In re Am. West Airlines, Inc.), 217 F.3d 1161, 1167 (9th Cir. 2000); cf. Comm. of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies, Inc.), 143 B.R. 734, 736-38 (B.A.P. 9th Cir. 1992) (permitting section 502(d) defense after expiration of section 549 statute of limitations). But see In re Marketing Assocs. of Am., 122 B.R. 367, 369 (Bankr. E.D. Mo. 1991) (holding that "the Trustee may not use section 502(d) defensively").

44.     Here, the Debtors have proposed reasonable criteria and procedures for determining which avoidance claims should be preserved and which causes of action the Debtors should be authorized to abandon. Accordingly, the Debtors seek approval of these procedures.[15]

M.     Extending Time For Service Of Process

45.     The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines, such as those proposed herein, that will aid in the administration of adversary proceedings. Bankruptcy Rule 9006(b)(1)

---

[15] Similar relief was granted in In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Mar. 21, 2001) (Paine, J.), where the bankruptcy court authorized the debtors to abandon claims against critical vendors. See Order Authorizing Abandonment And/Or Stay Of Certain Estate Causes Of Action And For Related Relief. The bankruptcy court also authorized the debtors to abandon four categories of claims: (i) claims less than $5,000, (ii) payments of rent to landlords, (iii) customer refunds, and (iv) ordinary course reimbursements to employees. See Order (i) Establishing Omnibus Initial Filing And Pretrial Procedures For Adversary Proceedings Under 11 U.S.C § 544, 545, 547, 548, Or 553 And Certain Adversary Proceedings, (ii) Granting Authority, Pursuant to Fed. Bankr. R. P. 9019, To Compromise And Settle Such Actions, And (iii) Granting Authority To Abandon Certain De Minimis Claims And Causes Of Action dated February 27, 2001.

provides for the enlargement of time to perform acts required under the Bankruptcy Rules.[16] As previously discussed, Fed. R. Civ. P. 4(m) requires the court to extend the period for service of process after the filing of a complaint upon a showing of good cause. Even absent good cause, this Court has discretion to extend the 120-day service period. Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

46. Here, the Debtors request an extension to March 31, 2008, an extension of less than 60 days. By permitting the Debtors to timely file the Adversary Proceedings but to defer serving process on defendants, the procedures would enable the Debtors to preserve valuable business relationships and to continue developing a plan of reorganization. The Debtors submit that permitting the Debtors to preserve potentially valuable assets without prejudicing the rights of any defendant constitutes good cause for the requested extension.[17]

N. Stay Of Adversary Proceedings Until Service Of Process

47. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998). This inherent power is vested in bankruptcy courts as well. See Uni-Rty Corp. v.

---

[16] Bankruptcy Rule 9006(b)(1) provides in relevant part as follows: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed. R. Bankr. P. 9006(b)(1).

[17] Similar relief was granted in In re Ames Dep't Stores, Inc., No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb. 3, 2004). See Order Extending Time For Service Of Process With Respect To Certain Preference Actions (Docket No. 2524).

Guangdong Building, Inc. (In re Uni-Rty Corp.), No. 96 Civ. 4573 (DAB), 1998 WL 299941, at *7 (S.D.N.Y. 1998) (recognizing that bankruptcy courts possess inherent authority to stay proceedings); In re Hagerstown Fiber Ltd. P'ship, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (court has inherent power to stay proceedings before it, particularly where stay will promote judicial economy); In re Cleveland, 353 B.R. 254, 260 (Bankr. E.D. Cal. 2006) (staying adversary proceeding pursuant to court's inherent power to stay proceedings before it); Swift v. Bellucci (In re Bellucci), 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) ("a bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket"). The determination whether a stay of proceedings is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 248, 254-55. The party seeking the stay "bears the burden of demonstrating the wisdom and justice of a stay." John's Insulation, Inc. v. Siska Const. Co., Inc., 671 F. Supp. 289, 297 (S.D.N.Y. 1987). "[T]he basic goal [is] to avoid prejudice." Volmar Distributors v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).[18]

48. Here, for essentially the same reasons that the Debtors have articulated for deferring issuance of summonses and service of legal process, this Court should likewise stay the proceedings while the Debtors pursue plan confirmation. The stay will not prejudice the potential defendants. In fact, the potential defendants will benefit from the stay inasmuch as they will not need to expend time or resources investigating the

---

[18] The Volmar court articulated the following factors that may guide a court's exercise of its inherent power: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Id. at 39.

facts relating to, or defending, a lawsuit that the Debtors likely will never need to pursue. Under these circumstances, this Court should stay each proceeding unless and until the Debtors request the Clerk of Court to issue summons in that particular proceeding.[19]

O.  Filing Of The Complaints Under Seal

49.  Section 107 of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b)(1) of the Bankruptcy Code specifically provides in part as follows: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

50.  The Second Circuit has held that section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, other courts in this district have stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing Video Software, 21 F.3d at 27). In addition, the Second Circuit has held that a party seeking the sealing of information is required only to show that the information is confidential and commercial, and no showing of "good cause" is necessary. See Video

---

[19] Similar relief was granted in In re Service Merchandise, Case No. 399-02649 (Bankr. M.D. Tenn. Mar. 21, 2001), where the bankruptcy court granted the debtors authority to stay certain adversary proceedings while the debtors were continuing to investigate whether they would ultimately pursue them. See Order Authorizing Abandonment And/Or Stay Of Certain Estate Causes Of Action And For Related Relief.

Software, 21 F.3d at 28. Thus, a bankruptcy court may enter a sealing order under the broad confidentiality protections in bankruptcy proceedings where necessary to protect confidential information. Id.; see also Global Crossing, 295 B.R. at 725 (The "whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

51. Upon the request of a party in interest, a court has no discretion and must deny public access to information that falls within one of the categories under Bankruptcy Code section 107(b). Orion Pictures Corp., 21 F.3d at 27. If, however, the information to be protected does not fit into any of the specified categories, then the court has discretion to decide if the requesting party has shown cause to permit filing under seal. See In re Bennett Funding Group, Inc., 226 B.R. 331, 336 (Bankr. N.D.N.Y. 1998) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978)); Orion Pictures Corp., 21 F.3d at 27 ("In limited circumstances, courts must deny access to judicial documents").

52. The power to seal also arises from the inherent power of the court to control dissemination of its records. See In re Robert Landau Assocs., Inc. 50 B.R. 670, 676, 677 (Bankr. S.D.N.Y. 1985) (court's inherent power to seal, despite section 107(b)'s inapplicability, is implicit in section 704(7)'s exception to disclosure—"unless the court orders otherwise"); In re I.G. Servs. Ltd., 244 B.R. 377, 388 n.14 (Bankr. W.D. Tex. 2000) (concluding that if section 107 applied to records not filed with court, court still had power to control dissemination of information beyond scope of section 107), rev'd on other grounds sub nom. San Antonio Express-News v. Blackwell (In re Blackwell), 263 B.R. 505 (W.D. Tex. 2000); In re Apex Oil Co., 101 B.R. 92, 101-02 (Bankr. E.D. Mo. 1989)

(citing Robert Landau Assocs.); In re EPIC Assocs. V, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985) (exercising inherent supervisory power over its own records and files). When deciding to allow a debtor to file documents under seal, courts should look at all relevant facts and circumstances and weigh the competing interests of the debtor seeking protection with the general right of the public to access documents filed in a bankruptcy case. Bennett Funding, 226 B.R. at 336. Relevant factors include (1) whether the debtor will suffer irreparable harm if the information is disclosed, (2) whether the debtor can demonstrate that disclosure will have a negative impact on its estate such that the debtor would be at a disadvantage in comparison with competitors, and (3) whether the debtor is seeking to protect the information on a temporary basis or on a permanent basis. See generally In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt. 2003).

53. The circumstances of this case demonstrate the need for confidentiality to preserve the status quo and to avoid unnecessary harm to the Debtors and others that would be caused by filing these complaints publicly.[20]

\*   \*   \*

54. In light of the benefits that the relief requested would provide to the Debtors, defendants in Adversary Proceedings, and other stakeholders, and given the

---

[20] Similar relief was granted in In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27, 2001), the bankruptcy court granted the debtors authority to file under seal certain adversary proceedings so that the debtors could continue negotiations with defendants, who were also the debtors' business partners, and to ensure that such defendants continued doing business with the debtors. See Order (i) Establishing Omnibus Initial Filing And Pretrial Procedures For Adversary Proceedings Under 11 U.S.C § 544, 545, 547, 548, Or 553 And Certain Adversary Proceedings, (ii) Granting Authority, Pursuant to Fed. Bankr. R. P. 9019, To Compromise And Settle Such Actions, And (iii) Granting Authority To Abandon Certain De Minimis Claims And Causes Of Action (permitting debtor to file documents under seal in any adversary proceeding in which debtors also sought to stay the proceeding).

authority in support of such relief, the Debtors believe that entry of the proposed order is justified and appropriate.

## Notice Of Motion

55. Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders").[21] In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

56. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[21] In addition to giving notice in accordance with the Case Management Orders, the Debtors will describe the relief obtained through this Motion in their disclosure statement for the Debtors' plan of reorganization.

WHEREFORE the Debtors respectfully request that this Court enter an order (i) granting the Motion and (ii) granting them such other and further relief as is just.

Dated: New York, New York
August 6, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession