EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
        In re                               :         Chapter 11
:
DELPHI CORPORATION, et al.,       :         Case No. 05-44481 (RDD)
:
                      Debtors.    :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
UNDER 11 U.S.C. §§ 1129(a) AND (b) AND FED. R. BANKR. P. 3020
CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF DELPHI CORPORATION AND CERTAIN AFFILIATES,
<u>DEBTORS AND DEBTORS-IN-POSSESSION, AS MODIFIED</u>

Upon the motion, dated September 6, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order approving (i) the Disclosure Statement (as defined below) filed on September 6, 2007 (Docket No. 9264), as amended and filed on December 10, 2007 (Docket No. 11388), (ii) a voting record date, voting deadline, and procedures for temporary allowance of certain claims for voting purposes, (iii) procedures for filing objections to the Plan of Reorganization filed on September 6, 2007 (Docket No. 9263), as amended and filed on December 10, 2007 (Docket No. 11386) (the "Amended Plan"), (iv) procedures for soliciting and tabulating votes on the Amended Plan, (v) a hearing date to consider confirmation of the Amended Plan, (vi) cure claim procedures, (vii) procedures for resolving disputes relating to postpetition interest, and (viii) reclamation claim procedures; and the Amended Plan, as modified by the modifications set forth in Exhibit A hereto (the "Plan"),[1] a copy of which is attached hereto as Exhibit B; and based upon the Court's review of (a) the Gershbein Affidavit Of Mailing With Respect To Solicitation Materials (the "Gershbein Affidavit") (Docket No. 11974), filed on January 12, 2008, the Sullivan Affidavit Of Mailing With Respect To Solicitation Materials (the "Sullivan Affidavit") (Docket No. 11981), filed on January 12, 2008, the Declaration of Eric Kurtzman Regarding Tabulation Of Ballots With Respect To Vote On First Amended Joint Plan Of Reorganization of Delphi Corporation And Certain Of Its Subsidiaries And Affiliates (the "Kurtzman Voting Declaration") (Docket No. 12160), filed on January 16, 2008, and the Declaration of Jane Sullivan Certifying Tabulation Of

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

1

Ballots Regarding Vote On First Amended Plan Of Reorganization Of Delphi Corporation And Certain Of Its Subsidiaries And Affiliates (the "Sullivan Voting Certification") (Docket No. 12163), filed on January 16, 2008, (b) the Memorandum Of Law (A) In Support Of Confirmation Of The First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) In Response To Objections Thereto, filed by the Debtors on January 16, 2008, (c) the Plan, (d) the Declarations of Robert S. Miller, executed on January 13, 2008 (the "Miller Declaration"), John D. Sheehan, executed on January 13, 2008 (the "Sheehan Declaration"), David L. Resnick, executed on January 9, 2008 (the "Resnick Declaration"), Randall S. Eisenberg, executed on January 9, 2008 (the "Eisenberg Declaration"), Nick Bubnovich, executed on January 9, 2008 (the "Bubnovich Declaration"), Craig Naylor, executed on January 12, 2008 (the "Naylor Declaration"), Dean R. Unrue, executed on January 11, 2008 (the "Unrue Declaration"), Keith D. Stipp, executed on January 11, 2008 (the "Stipp Declaration"), and Colin E. Wittmer, executed on January 9, 2008 (the "Wittmer Declaration") in support of Confirmation of the Plan, (e) all of the evidence proffered or adduced at, objections filed in connection with and the responses filed thereto, and arguments of counsel made at, the Confirmation Hearing (as defined below), and (f) the entire record of these Chapter 11 Cases; and after due deliberation thereon and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND CONCLUDES THAT:[2]

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Filing Of Amended Plan</u>. On December 10, 2007, the Debtors filed the Amended Plan and the First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as transmitted to parties-in-interest, the "Disclosure Statement").

C. <u>Solicitation Procedures Order</u>. On December 10, 2007, the Court entered an order (the "Solicitation Procedures Order") that, among other things, (i) approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Fed. R. Bankr. P. 3017 and 2002(c)(3), (ii) fixed January 17, 2008 as the date for the commencement of the hearing to consider confirmation of the Amended Plan (the "Confirmation Hearing"), (iii) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), and (iv) established certain procedures for soliciting and tabulating votes with respect to the Amended Plan. In accordance with the Solicitation Procedures Order, on December

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bankr. P. 7052.

3

28, 2007, the Debtors filed modifications to certain plan exhibits filed on or before December 10, 2007 and filed certain other exhibits to the Amended Plan.

D. <u>Transmittal Of Solicitation Package</u>. On or before December 15, 2007, in accordance with Fed. R. Bankr. P. 3017(d), (e) and (f) and the Solicitation Procedures Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC") and Financial Balloting Group LLC ("FBG") or their agents to transmit (i) the Confirmation Hearing Notice, (ii) a CD-Rom containing (1) the Solicitation Procedures Order (without exhibits), (2) the Disclosure Statement and publicly-filed materials appended thereto, (3) the Amended Plan and publicly-filed materials appended thereto, (4) the solicitation letter of the official committee of unsecured creditors (the "Creditors' Committee Letter"), and (5) the solicitation letter of the official committee of equity security holders (the "Equity Committee Letter"), (iii) paper copies of the Creditors' Committee Letter and Equity Committee Letter, (iv) paper copies of the UAW informational letter to its members who received ballots ("UAW Informational Letter"), (v) paper copies of the Postpetition Interest Rate Determination Notice for all holders of General Unsecured Claims, other than Senior Note Claims and TOPrS Claims, (vi) as to Classes 1C-12C, 1D-12D, 1E, 1G-1, 1G-2, 1H and 8H (collectively, the "Voting Classes"), a paper ballot and return envelope (such ballot and envelope being referred to as a "Ballot"), and (vii) to the extent appropriate as determined by the Debtors, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) or form W-8BEN to be returned with a party's ballot, all as set forth in the Gershbein Affidavit and Sullivan Affidavit. In addition, and in accordance with Fed. R. Bankr. P. 3017(d), (e) and (f) and the Solicitation Procedures Order, as to Classes 1A-12A, 1B-12B, and 1J-12J, a paper

Notice To Unimpaired Creditors Of (I) Filing Of Joint Plan Of Reorganization, (II) Treatment Of Claims Under Plan, (III) Hearing On Confirmation Of Plan, And (IV) Deadline And Procedures For Filing Objections Thereto ("Unimpaired Creditors Notice") was transmitted as set forth in the Gershbein Affidavit. Further, and in accordance with Fed. R. Bankr. P. 3017(d), (e) and (f) and the Solicitation Procedures Order, as to Class II, a paper Notice Of Non-Voting Status With Respect To Certain Claims And Interests ("Notice of Non-Voting Status") was transmitted as also set forth in the Gershbein Affidavit.

E. <u>Publication Of Confirmation Hearing Notice</u>. The Debtors published the Confirmation Hearing Notice in the <u>New York Times</u> (national edition), the <u>Wall Street Journal</u> (national, European, and Asian editions), <u>USA Today</u> (worldwide), the <u>Automotive News</u> (national edition), and in local editions of the following: the <u>Adrian Daily Telegram</u>, the <u>Arizona Daily Star</u>, the <u>Buffalo News</u>, the <u>Chicago Sun Times</u>, the <u>Cleveland Plain Dealer</u>, the <u>Clinton News</u>, the <u>Columbus Dispatch</u>, the <u>Daily Leader</u>, the <u>Dayton Daily News</u>, the <u>Detroit Free Press</u>, the <u>Detroit News</u>, the <u>El Paso Times</u>, the <u>Fitzgerald Herald Leader</u>, <u>The Flint Journal</u>, the <u>Gadsden Times</u>, the <u>Grand Rapids Press</u>, the <u>Greensville News</u>, the <u>Indianapolis Star</u>, the <u>Kansas City Star</u>, the <u>Kokomo Tribune</u>, the <u>Lansing State Journal</u>, the <u>Laurel Leader</u>, the <u>Los Angeles Daily News</u>, the <u>Milwaukee Journal Sentinel</u>, the <u>Mobile Beacon</u>, <u>The Mobile Register</u>, the <u>Oakland Press</u>, the <u>Olathe Daily News</u>, the <u>Rochester Democrat and Chronicle</u>, the <u>Saginaw News</u>, the <u>Sandusky Register</u>, the <u>Toledo Blade</u>, the <u>Tribune Chronicle</u>, the <u>Tulsa World</u>, the <u>Tuscaloosa News</u>, and <u>The Vindicator</u>, on or before December 24, 2007 as evidenced by

the affidavits of publication of confirmation hearing notice, filed by individuals on behalf of each of the listed publications.[3]

F. <u>Transmittal And Mailing Of Materials; Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement and Plan and of the Confirmation Hearing, as well as all deadlines for voting on or filing objections to the Amended Plan, has been given to all known holders of Claims and Interests in accordance with Fed. R. Bankr. P. 2002(b), 3017(d), (e), and (f), and the procedures set forth in the Solicitation Procedures Order. The Disclosure Statement, Amended Plan, Ballots, Solicitation Procedures Order, Confirmation Hearing Notice, Unimpaired Creditors Notice, Notice of Non-Voting Status, Creditors' Committee Letter, Equity Committee Letter, UAW Informational Letter, and Postpetition Interest Rate Determination Notice were transmitted and served in substantial compliance with the Solicitation Procedures Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing, cure claim procedures, postpetition interest rate dispute procedures, reclamation claim procedures, injunctions and third party releases, bar dates, and other hearings described in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required.

G. <u>Bankruptcy Rule 3018(a) Stipulations</u>. Prior to the Confirmation Hearing, four motions were filed for temporary allowance of claims for voting purposes pursuant to Bankruptcy Rule 3018(a) (the "3018(a) Motions"). The 3018(a) Motions include: (1)

---

[3] The affidavits are found at docket numbers 11675, 11786, 11845, 11659, 11657, 11658, 11660, 11661, 11775, 11844, 11662, 11774, 11663, 11776, 11776, 11664, 11665, 11777, 11778, 11666, 11779, 11667, 11668, 11780, 11670, 11671, 11672, 11673, 11782, 11674, 11677, 11678, 11680, 11783, 11784, 11784, 11684, 11682, 11683, and 11785.

Bank of America, N.A. (Docket No. 9683), (2) Technology Properties, Inc. (Docket No. 10425), (3) Fiduciary Counselors, Inc. (Docket No. 11618), and (4) SPCP Group, L.L.C. (Docket No. 11625).

H. <u>Solicitation</u>. Votes for acceptance or rejection of the Amended Plan were solicited in good faith and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

I. <u>Ballots</u>. All procedures used to distribute solicitation materials to the applicable holders of Claims and Interests and to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court for the Southern District of New York, and all other applicable rules, laws, and regulations.

J. <u>Voting Reports</u>. On January 16, 2008, in accordance with the Solicitations Procedures Order, the Debtors filed the Kurtzman Voting Declaration (Docket No. 12160) and Sullivan Voting Certification (Docket No. 12163) (together, the "Voting Reports"), certifying the method and results of the Ballot tabulation for each of the Voting Classes voting to accept or reject the Plan.

K. <u>Impaired Classes That Have Voted To Accept The Plan</u>. As evidenced by the Voting Reports, which certified both the method and results of the voting, pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code, at least one Impaired Class of Claims, determined without including any acceptance by an insider of any of the Debtors, has voted to accept the Plan.

L.   Classes Deemed To Have Rejected The Plan. Holders of Interests in Class 11 are not entitled to receive any distribution under the Plan on account of their Interests. Pursuant to section 1126(g) of the Bankruptcy Code, Class 11 is conclusively presumed to have rejected the Plan, and votes from those interest holders therefore were not solicited.

M.   Burden Of Proof. The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code, by a preponderance of the evidence, which is the applicable evidentiary standard in the Court. The Court also finds that the Debtors have satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

N.   Plan Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.   Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Claims and Priority Tax Claims (which are not required to be classified), Article III of the Plan designates 37 Classes of Claims and five Classes of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in each such Class. Valid business, factual, and legal reasons exist for classifying the various Classes of Claims and Interests in the manner set forth in the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.   Specification Of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article 4.1 of the Plan specifies the Classes of Claims that are Unimpaired. Thus, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

3. **Specification Of Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3))**. Article 4.2 of the Plan specifies the Classes of Claims and Interests that are Impaired under the Plan. Article V of the Plan specifies the treatment of Claims and Interests in all such Classes. Thus, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

4. **No Discrimination (11 U.S.C. § 1123(a)(4))**. The Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim. Thus, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

5. **Implementation Of Plan (11 U.S.C. § 1123(a)(5))**. The Plan provides adequate and proper means for implementation of the Plan, including, without limitation, (i) the continued corporate existence of the Debtors, (ii) the corporate constituent documents that will govern the Reorganized Debtors after the Effective Date, including, without limitation, the Certificate of Incorporation and Bylaws, (iii) entry into the Exit Financing Arrangements and Registration Rights Agreement, (iv) issuance of the New Common Stock, New Preferred Stock, New Warrants, GM Note, and 414(l) Note (v) assumption of the collective bargaining agreements, as amended, (vi) consummation of the Restructuring Transactions, and the transactions contemplated by the Investment Agreement and the Delphi-GM Definitive Documents, and (vii) the execution, delivery, filing, or recording of all contracts, instruments, releases, indentures, and other agreements or documents related to the foregoing. Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

6. Prohibition Against Issuance Of Non-Voting Equity Securities And Provisions For Voting Power Of Classes Of Securities (11 U.S.C. § 1123(a)(6)). Article 7.4 of the Plan provides that the articles of incorporation of the Reorganized Debtors will comply with section 1123(a)(6) of the Bankruptcy Code. Such statutory provisions have been incorporated into the articles of incorporation of Reorganized Delphi, as set forth in Plan Exhibit 7.4(a).

7. Selection Of Officers, Directors, And The Trustee (11 U.S.C. § 1123(a)(7)). In Article 7.5, Article 7.6, and Article 7.7 of the Plan, as identified publicly prior to the Confirmation Hearing, or as otherwise announced at the Confirmation Hearing, the Debtors properly and adequately disclosed or otherwise identified the procedures for determining the identity and affiliations of all individuals or entities proposed to serve on or after the Effective Date as officers or directors of the Reorganized Debtors. The appointment or employment of such individuals or entities and the proposed compensation and indemnification arrangements for officers and directors are consistent with the interests of Claim and Interest holders and with public policy. Thus, section 1123(a)(7) of the Bankruptcy Code is satisfied.

8. Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to holders of Claims and Interests, (ii) the disposition of executory contracts and unexpired leases, (iii) approval of and authorization for entrance into the Delphi-GM Definitive Documents, (iv) amendment and assumption of the Union Settlement Agreements, (v) performance of the Debtors' obligations under the Investment Agreement, (vi) the retention of, and right

to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not waived and released under the Plan, (vii) resolution of Disputed Claims, (viii) allowance of certain Claims, (ix) indemnification obligations, (x) releases by the Debtors of certain parties, (xi) releases by holders of Claims and Interests, (xii) releases by Unions, (xiii) releases of GM-Related Parties (as defined in the Delphi-GM Global Settlement Agreement) by the Debtors and third parties, (xiv) releases and exculpation of each Plan Investor (in its capacity as such or otherwise), its Affiliates, shareholders, partners, directors, officers, employees and advisors, and (xv) the exculpation of certain parties.

9. Fed. R. Bankr. P. 3016(a). The Plan is dated and identifies the entities submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).

O. Debtors' Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code. The Debtors have complied with the applicable provisions of the Bankruptcy Code during the Chapter 11 Cases, including as provided or permitted by orders of the Court. The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan.

P. Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby

satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation of the Plan. See Bankruptcy Rule 3020(b). The Debtors, the Statutory Committees, GM and each Plan Investor (in its capacity as such or otherwise), and their respective Affiliates, shareholders, partners, directors, officers, employees, and advisors, among others, and each of their respective professionals negotiated the Plan in good faith and participated in the Plan formulation process in good faith. The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate and honest purpose of reorganizing and maximizing the value of each of the Debtors and the recovery to holders of Claims and Interests under the circumstances of these cases.

Q. Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)). Based on modifications to the Plan, attached hereto as Exhibit A, any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, including all administrative expense and substantial contribution claims under sections 503 and 507 of the Bankruptcy Code, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code. Any amounts allocated by the Debtors for the payment of such services, costs, and expenses, or any recoveries or disgorgements subsequently ordered by the Court on account of payments to professionals prior to final allowance of such amounts shall constitute assets owned exclusively by the Reorganized Debtors except as

otherwise provided in Section 10.3(c) of the Plan. Accordingly, the requirements of section 1129(a)(4) of the Bankruptcy Code have been met.

R.     Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. Specifically, the Debtors have disclosed the identity and the affiliation of all of the initial officers of the Reorganized Debtors and the directors (as applicable) for all Reorganized Debtors, with the exception of Reorganized Delphi. The process for the selection of the directors of Reorganized Delphi is described in Article 7.5 of the Plan and is approved. On December 10, 2007, the Debtors filed Plan Exhibit 7.8 which described the Reorganized Debtors' Management Compensation Plan, including the objectives and philosophy of the compensation plan, the elements of various employees' compensation, and management performance. Thereafter, the Debtors filed (i) a supplement to the Management Compensation Plan on December 28, 2007 and (ii) modifications to Plan Exhibit 7.8 on January 16, 2008 and January 23, 2008 (the "Article 7.8 Modifications"), which are included with the Plan modifications attached hereto as Exhibit A. The Creditors' Committee has agreed that the requirements of Article 7.8 of the Plan have been satisfied. The Management Compensation Plan described in Plan Exhibit 7.8 (and as described in Section 9(a)(xxi) of the Investment Agreement), are reasonably acceptable to ADAH. The Debtors have fully disclosed compensation to be paid to management in Plan Exhibit 7.8. The appointment to, or continuance in, such office of each such individual, is consistent with the interests of holders of Claims and Interests, and with public policy. Accordingly, the requirements of section 1129(a)(5) of the Bankruptcy Code have been met.